UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRINKER INTERNATIONAL, INC. and BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., <br><br> Plaintiffs, <br> v. <br><br> AGRI STATS, INC., CASE FOODS, INC., CASE FARMS, LLC, CASE FARMS PROCESSING, INC., NORMAN W. FRIES, INC. D/B/A CLAXTON POULTRY FARMS, INC., FOSTER FARMS, LLC, FOSTER POULTRY FARMS, HARRISON POULTRY, INC., HOUSE OF RAEFORD FARMS, INC., KEYSTONE FOODS LLC, EQUITY GROUP EUFAULA DIVISION, LLC, EQUITY GROUP KENTUCKY DIVISION LLC F/K/A CAGLE'S-KEYSTONE FOODS, L.L.C., EQUITY GROUP – GEORGIA DIVISION LLC, KOCH FOODS, INC., JCG FOODS OF ALABAMA, LLC, JCG FOODS OF GEORGIA, LLC, KOCH MEAT CO., INC., MAR-JAC POULTRY, INC., MAR-JAC POULTRY AL, LLC, MAR-JAC AL/MS, INC., MAR-JAC POULTRY MS LLC, MAR-JAC POULTRY, LLC, MAR-JAC HOLDINGS, LLC, MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS, LLC, MOUNTAIRE FARMS OF DELAWARE, INC., O.K. FOODS, INC., O.K. FARMS, INC., O.K. INDUSTRIES, INC., PERDUE FARMS, INC., PERDUE FOODS, LLC, PILGRIM'S PRIDE CORPORATION, SANDERSON FARMS, INC., SANDERSON FARMS, INC. (FOODS DIVISION), SANDERSON FARMS, INC. (PRODUCTION DIVISION), SANDERSON FARMS, INC. (PROCESSING DIVISION), SIMMONS FOODS, INC., SIMMONS PREPARED FOODS, INC., TYSON FOODS, INC., TYSON CHICKEN, INC., TYSON BREEDERS, INC., TYSON POULTRY, INC., WAYNE FARMS, LLC, <br><br> Defendants. | **Case No. 22-cv-3046** <br><br> **Jury Trial Demanded** <br> (Related to *In re Broiler Chicken Antitrust Litigation – Case No. 1:16-cv-08637*) |

# COMPLAINT

1.  This is a civil action for monetary damages under the Sherman Act, 15 U.S.C. §§ 1–7, state antitrust and consumer protection law, and unjust enrichment, brought by Brinker International, Inc. and Brinker International Payroll Company, L.P. (collectively, "Brinker") against several producers of broiler chicken and their co-conspirators (the "Broiler Defendants"). During the time relevant to Brinker's claims, Brinker directly purchased broiler chicken in the United States from one or more Defendants and/or their co-conspirators and sustained injury and damage to its business as a proximate result of the antitrust violations and other unlawful activities alleged herein.

2.  Brinker incorporates by reference Track 2 Direct Action Plaintiffs' Second Amended Consolidated Complaint and Demand for Jury Trial [ECF No. 5456], filed in *In re Broiler Chicken Antitrust Litigation*, 1:16-cv-08637 (N.D. Ill.) ("Track 2 DAPs' Second Amended Complaint").[1]

3.  Brinker International, Inc. is a Delaware corporation with a principal place of business in Dallas, Texas. Brinker International Payroll Company, L.P. is a Delaware limited partnership and subsidiary of Brinker International, Inc. Unless otherwise noted herein, the term

---

[1] Pursuant to the Court's Orders in *In re Broiler Chicken Antitrust Litig.*, 1:16-cv-08637, the Direct Action Plaintiffs now encompass two Tracks: Track 1 includes Direct Action Plaintiffs who filed a stipulation to proceed to trial on Track 1 prior to the January 7, 2022 deadline, while Track 2 DAPs include the other Direct Action Plaintiffs who filed a stipulation to proceed to Trial on Track 2. [ECF No. 5305, 5334]. On February 28, 2022, pursuant to the Court's Order, Track 2 Direct Action Plaintiffs filed a second amended consolidated complaint that "will be the operative complaint for Track Two DAPs" [ECF Nos. 5305, 5427]. In an effort to promote efficiency given the Court's reference to similar abbreviated Complaints as helpful to the Court [ECF No. 4139], Plaintiffs file this abbreviated pleading that incorporates by reference and adopts the allegations set forth in Track 2 Direct Action Plaintiffs' Second Amended Consolidated Complaint and Demand for Jury Trial. If the Court prefers a different form or process, Plaintiffs will withdraw this pleading and proceed according to the Court's direction.

"Brinker" or "Plaintiff" is meant to apply to Brinker International, Inc., Brinker International Payroll Company, L.P., and any of their parents, subsidiaries, or affiliates collectively.

4. Brinker brings this action on its own behalf as a direct purchaser of broiler chickens, and additionally and alternatively, as assignee of McLane Foodservice, Inc., Shamrock Foods Company, US Foods, Inc., Ben E. Keith Company, Sysco Corp., and their affiliates.

5. Brinker further, and in the alternative, brings state-law claims against Defendants as an indirect purchaser of broiler chickens.

6. Brinker joins the Track 2 DAPs' Second Amended Consolidated Complaint, and adds the following to Section II in order to specify Brinker's causes of action and the Defendants and Co-Conspirators in Brinker's claims.[2]

---

[2] Brinker solicited bids, negotiated terms, and contracted directly with Defendants for their proprietary chicken products, and assumed full responsibility to pay the contract obligations. Brinker used distributors, including Systems Services of America, Inc. ("SSA"), as purchasing agents, and the distributors were paid a fee by Brinker for their services. There is a dispute between Brinker and Direct-Action Plaintiffs Services Group of America, Inc. ("SGA") and US Foods, Inc. ("US Foods") as to who is the proper party to assert direct-purchaser claims with respect to purchases of products from Defendants using SSA as its distributor. On information and belief, SSA was a subsidiary of SGA until its purchase and dissolution by US Foods in approximately 2019. Brinker reserves all rights on this issue.

| Plaintiff Name | Operative Complaint (Reference is to Sealed Version, if applicable) | Named Defendants (Not Previously Dismissed) | Named-Co-Conspirators (if any)[3] | Causes of Action |
|---|---|---|---|---|
| Brinker International, Inc., Brinker International Payroll Company, L.P. | 22-cv-3046 | Agri Stats; Case; Claxton; Foster Farms; Harrison; House of Raeford; Keystone Foods; Koch; Mar-Jac; Mountaire; O.K. Foods; Perdue; Pilgrim's Pride; Sanderson; Simmons; Tyson; Wayne | Amick; Fieldale; George's; Marshall Durbin; Peco | Count 1 (Sherman Act, for all Anticompetitive Conduct); Count 2 (Sherman Act, for Output Restriction, Pled in the Alternative); Count 3 (Sherman Act, for Georgia Dock Price-Fixing, Pled in the Alternative); Count 4 (Sherman Act, for Bid-Rigging and Price-Fixing, Pled in the Alternative); Count 5 (Sherman Act, for Bid-Rigging, Pled in the Alternative); Count 6 (Sherman Act, for Price-Fixing, Pled in the Alternative); Count 11 (Arizona Uniform State Antitrust Act, Pled in the Alternative to Counts 1 through 6); Count 16 (California Cartwright Act, Pled in the Alternative to Counts 1 through 6); Count 17 (California Unfair Competition Law, Plead in the Alternative to Count 1 through 6); Count 28 (Nevada Unfair Trade Practices Act, Pled in the Alternative to Counts 1 through 6); Count 29 (Nevada Deceptive Trade Practices Act, Pled in the Alternative to Counts 1 through 6); Count 18 (Unjust Enrichment) |

---

[3] By virtue of previously being a member of the putative class of direct purchasers, Brinker was also a member of the settlement classes that were certified with respect to Fieldale Farms Corporation, George's, Inc. and George's Farms, Inc., Peco Foods, Inc., and Amick Farms, LLC. While it has not named these corporations as defendants, Brinker nonetheless has named these corporations as co-conspirators in order to describe their conduct and contributions to the unlawful conspiracy.

## PRAYER FOR RELIEF

WHEREFORE, Brinker respectfully requests that the Court:

A. Enter joint and several judgments against the Defendants and in favor of Brinker;

B. Award Brinker damages against the Defendants in a joint and several judgment for an amount to be determined at trial to the maximum extent allowed under the claims stated above as well as treble damages, as permitted by statute, any other enhancement of damages, attorneys' fees, expenses, and costs as provided by law;

C. Award Brinker its pre- and post-judgment interest as provided by law, with such interest to be awarded at the highest legal rate;

D. Award Brinker its attorneys' fees, litigation expenses, and costs, as provided by law, including the federal antitrust laws; and

E. Grant Brinker such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: June 10, 2022

Ryan P. Phair (admitted in N.D. Illinois)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
(202) 955-1500
rphair@huntonak.com

s/ Julie B. Porter
Julie B. Porter (IL#6243787)
SALVATORE PRESCOTT PORTER
& PORTER, PLLC
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
porter@spplaw.com

*Attorneys for Plaintiff Brinker International, Inc. and Brinker International Payroll Company, L.P.*